UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHAWN HUSSEY,                              )
                                           )
                         Petitioner,       )
                                           )
            vs.                            )        Case No. 1:17-cv-00355-WTL-MPB
                                           )
SUPERINTENDENT New Castle Correctional     )
Facility,                                  )
                                           )
                         Respondent.       )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Shawn Hussey for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No NCF 16-11-0175. For the reasons explained in this Entry, Hussey's habeas petition must be **denied**.

A.      Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On November 21, 2016, Internal Affairs Officer Williams issued a Report of Conduct charging Hussey with use of a controlled substance in violation of Code B-202. The Report of Conduct states:

> The following conduct report has been issued to Offender Shawn Hussey #202611 for Possession or Use of a Controlled Substance, as defined in the Adult Disciplinary Policy. On 11/15/16, Hussey submitted his own urine for a full 8 panel drug screen. The Chain of Custody was followed and the sealed specimen was sent to Alere Toxicology Services, Inc. for a full screening, with a confirming test performed. Lab reports received on 11/21/16 clearly indicate the presence of Suboxone in the urine of Offender Hussey #202611[.] Based upon the results from Alere Toxicology Services, Inc., Offender Hussey #202611 did violate code B-202, of the Adult Disciplinary Policy. Offender was informed of conduct.

Dkt. No. 8-1 at 1. Hussey was notified of the charge on November 22, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. Dkt. No. 8-2. The Screening Officer noted that Hussey did not request any witnesses or evidence.

The Hearing Officer conducted a disciplinary hearing on November 23, 2016. Dkt. No. 8-4. The Hearing Officer noted that Hussey stated, "Creatine is in kidney pills, I don't take kidney pills, the Cond. Report had McGill in it. I am not doing any drugs. This is my 3rd test here and the first one I have failed" *Id.* (capitalization modified). The Hearing Officer determined that Hussey had violated Code B-202. The sanctions imposed included a loss of phone and commissary privileges, restitution of $48.08, the deprivation of 90 days of earned credit time, and the demotion from credit class I to credit class II.

Hussey appealed to Facility Head and the Department of Correction's Final Reviewing Authority. Both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.  Analysis**

Hussey argues that he is entitled to relief for the following reasons. First, the conduct report originally identified McGill as the offender that submitted the urine. In addition, Hussey states that he was not present when the urine specimen was sealed as required by DOC policy. Third, Hussey states that the date the urine was collected and the date the test results were reported are too close together to be accurate. Finally, Hussey complains that the chain of custody was violated.

*1. Exhaustion of Administrative Remedies*

As a preliminary matter, the respondent argues that Hussey failed to exhaust his available administrative appeals with regard to the issues in the petition. The record, however, is insufficient to determine whether Hussey failed to exhaust certain issues during the administrative remedy process. In this case it appears to be in the interests of both justice and judicial economy that the merits of Hussy's habeas claims be resolved. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting 520 U.S. at 525).

In this case, considering petitioner's claims on the merits rather than first resolving the exhaustion issue will most likely promote judicial economy. The review permitted of the challenged proceeding is narrow, usually based on an expanded record of the charge, notice, evidence, hearing, and decision. It appears to be an inefficient use of the Court's resources and the parties' time to become invested in untangling the parties' dispute about whether Hussey exhausted his administrative remedies.

*2. Sufficiency of the Evidence*

Hussey contends that the collection and testing of his urine was improper such that he is entitled to habeas relief. First, Hussey contends that because the Conduct Report originally listed "McGill" as the offender who submitted the urine sample, the reliability of the sample is somehow called into question.

This contention does not entitle to Hussy to relief. The erroneous reference to McGill in the Conduct Report was corrected by the reporting officer after it was issued and the error was discovered. Hussey is clearly listed as the donor of the sample on the preliminary results form for the urine screen, and Hussey acknowledged as such when he signed and dated the donor certification. He also signed and dated the donor consent certification on the Alere Toxicology Services form, which states:

> I certify that I voluntarily consent to the collection and testing of my specimen, that the specimen identified on this form is my own, it is fresh and has not been adulterated in any manner. I certify that I provided my specimen to the collector, that the specimen bottle was sealed in my presence and that the information provided on this form and on the label affixed to the specimen bottle is correct. I further authorize the laboratory to release the results of this testing to my employer, prospective employer, authorized personnel or medical review officer.

Dkt. No. 8-1 at 3. Sergeant Young also certified that the specimen was provided by Hussey.

Second, Hussey alleges that the chain of custody associated with his urine sample was broken. Relatedly, he claims that the procedure for handling the sample was not properly followed because it was not sealed in front of him.

These allegations are rejected. The record reflects that Sergeant Dunn signed the certification that the specimen was labeled and sealed in Hussey's presence. Dkt. No. 8-1 at 2 and 3. The records are clear that Hussey provided the sample tested and that it was adequately preserved in Hussey's presence. Under these circumstances there was due process error.

Finally, Hussey argues that the date the urine was collected (11/15/2016), date the urine was received by the testing complaint (11/19/2016) and the date the test results were reported (11/21/2016) are too close together to be accurate. Apparently, Hussey's arguments are based on a JPay letter he received from Gloria Hussey. That letter stated that she called the testing company and was told that "testing times vary it could take a week or better just to test and there's no way on this Earth that would have been back by the 21st if it was mailed on the 19th. . . ." Dkt. No. 1-1 at p. 4.

Again, no relief is warranted based on this argument. The information Hussey's family member collected reflects that testing times vary and that it would not be feasible to have a result on the November 21, 2016, if the sample was mailed on November 19th. But the sample was not mailed on the 19th, it was mailed on the 15th and received by the testing company on the 19th.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Both the preliminary results form and the testing report indicate that Hussey's urine sample tested positive for suboxone. This evidence satisfies the "some evidence" standard establishing that he used a controlled substance in violation of Code B-202.

## D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Hussey to the relief he seeks.

Accordingly, Hussey's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/30/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

SHAWN HUSSEY
202611
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov